UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Hearthside Food Solutions, LLC.,                  Case No. 3:13-cv-00294

        Plaintiff

v.

                              MEMORANDUM OPINION & ORDER

Adrienne's Gourmet Foods, et al.,

        Defendants

## I. INTRODUCTION

Counterclaimants Adrienne's Gourmet Foods ("AGF") and John O'Donnell have filed a joint motion for leave to amend their counterclaims. (Doc. No. 72). Counterclaim Defendant Hearthside Food Solutions, LLC, filed a memorandum in opposition. (Doc. No. 73). AGF and O'Donnell filed a memorandum in reply. (Doc. No. 75). After obtaining leave, Hearthside filed a sur-reply. (Doc. No. 76-1). For the reasons stated below, the Counterclaimants' motion is granted in part and denied in part.

## II. BACKGROUND

Hearthside filed a complaint on February 8, 2013, seeking a declaratory judgment. Hearthside requested I "(a) declare that Hearthside does not owe AGF or O'Donnell any type of monetary compensation whether it be 'royalties' or a 'commission'; and (b) declare that Hearthside is not in possession of any proprietary formula [owned] by AGF or O'Donnell so as to make

Hearthside liable to either [party] for compensation or damages." (Doc. No. 1 at 6). AGF and O'Donnell filed separate, though similar, answers and counterclaims, setting forth claims for (1) misappropriation of trade secrets, (2) breach of a contract of bailment, (3) conversion, (4) unjust enrichment, and (5) replevin. (Doc. No. 14 and Doc. No. 15). AGF subsequently amended its answer and counterclaims to add a claim for breach of contract. (Doc. No. 36).

After conducting discovery, Hearthside filed a motion for summary judgment. (Doc. No. 54). Prior to filing their opposition brief, the Counterclaimants reached a stipulation with Hearthside for the voluntary dismissal without prejudice of the counterclaims for breach of a contract of bailment, conversion, and replevin. (Doc. No. 60). After the parties completed briefing on Hearthside's summary judgment motion, I granted Hearthside's motion on AGF's and O'Donnell's claims for misappropriation of trade secrets and unjust enrichment related to the use of O'Donnell's formulas, as well as on AGF's breach of contract claim. (Doc. No. 67). I denied Hearthside's motion on the unjust enrichment counterclaim related to the use of certain loaned equipment. (Id.).

AGF and O'Donnell now seek leave to add additional counterclaims related to a "Letter of Understanding" between AGF and Consolidated Biscuit Company ("CBC"). Hearthside purchased CBC's assets in 2010. In part, the Letter of Understanding memorializes a business relationship between AGF and CBC. (Doc. No. 48-2). O'Donnell proposes to add a claim for declaratory relief: he seeks "[a] judgment declaring that the August 2007 Letter of Understanding prohibits Hearthside from selling products brought by AGF to CBC/Hearthside to non-AGF customers without discussion with, and consent from, AGF." (Doc. No. 72-1 at 19). AGF proposes to add the same claim for declaratory relief, as well as a breach of contract claim arising from Hearthside's sale of AGF products to non-AGF customers. (Doc. No. 72-2 at 15-17).

### III. STANDARD

Rule 15 permits a party to seek the court's leave to amend its pleading after the time period for amendments as a matter of course has passed. Fed. R. Civ. P. 15(a)(2). The rule instructs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (Rule 15(a) represents a "liberal policy of permitting amendments to ensure the determination of claims on their merits."). An amendment should not be permitted if it is brought for an improper reason, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

### IV. ANALYSIS

Hearthside argues the Counterclaimants' motion for leave should be denied because all of the *Foman* factors are present here. With one exception, Hearthside's arguments are not persuasive.

Despite a bold claim that "AGF and O'Donnell's 'new' claims are clearly brought in bad faith and for dilatory purposes," Hearthside points only to evidence the Counterclaimants knew of the potential basis for the proposed counterclaims some number of months before Hearthside filed its motion for summary judgment. (Doc. No. 73 at 5-6). This does not amount to proof the Counterclaimants have raised these new claims in bad faith or for the purpose of delaying this litigation.

Nor do the Counterclaimants' proposed claims arise following repeated failures to correct deficiencies in earlier filings. The motion for leave primarily raises new claims, and does not seek to re-plead old claims. This is subject to a qualification: AGF's proposed counterclaim repeats the

3

previously-dismissed claims for breach of a contract of bailment, conversion, and replevin. The motion for leave does not include any basis for reinstating these claims; to the extent leave is sought regarding those three claims, it is denied. Further, both AGF's and O'Donnell's proposed pleadings include claims regarding which I granted Hearthside's motion for summary judgment. The inclusion of these claims is acceptable solely for the purpose of maintaining the record and does not imply I have reconsidered my summary judgment decision.

I will address Hearthside's overlapping arguments regarding undue delay and prejudice together. Hearthside asserts AGF and O'Donnell improperly waited until after a decision on its summary judgment motion to bring these claims and that Hearthside conducted discovery "based on the claims pending." (Doc. No. 73 at 8). This argument, however, demonstrates only inconvenience and not substantial prejudice. *See Hageman*, 486 F.2d at 484-85 (describing a substantially similar line of argument as a "mere statement of the obvious" and affirming the district court's determination that the defendant failed to show prejudice). Moreover, the cases Hearthside cites do not support its contention that a motion to amend pleadings after the filing of a summary judgment motion is per se prejudicial.

At the root of the dispute regarding this motion is the unusual nature of the case. Hearthside chose the time and place for this litigation by filing its complaint for declaratory relief. While Hearthside had a good faith basis for pursuing a resolution to the parties' developing dispute, the Declaratory Judgment Act does not permit Hearthside to force AGF and O'Donnell to bring all of their claims to the table or lose them forever. Under Ohio law, which I must apply in this diversity case, "a declaratory judgment is not *res judicata* on an issue or claim not determined thereby even though it was known and existing at the time of the original action." *State ex rel. Shemo v. Mayfield Hts.*, 765 N.E.2d 345, 355 (Ohio 2002) (citation omitted). Thus, the prejudice Hearthside might face through the late addition of a counterclaim is minimal, as Ohio law likely would permit AGF and O'Donnell to file a new case even if I denied their motion for leave.

Hearthside's arguments regarding the futility of the proposed amendments have greater weight.  As an initial matter, O'Donnell's proposed declaratory judgment claim would be futile because he fails to show he has standing to bring it.  *Nat'l Rifle Ass'n. of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997).  The Letter of Understanding outlines a relationship between AGF and CBC, and O'Donnell signed it only on behalf of AGF.  (*See* Doc. No. 54-2).  He fails to show his legal rights would be affected through the grant or denial of the relief he seeks.  O'Donnell's use of a similar argument as a rebuttal to Hearthside's declaratory judgment action – rather than a stand-alone claim – is a different matter and one that is outside the scope of the motion at issue here.

Hearthside's arguments in opposition to AGF's proposed claims are less successful.  The Letter of Understanding is a contract – CBC agreed to produce various food product lines for AGF and to sell them at a reasonable price to AGF, who agreed to buy them.  *Mantia v. House*, 900 N.E.2d 641, 643 (Ohio Ct. App. 2008) (quoting *Minister Farmers Coop. Exchange Co., Inc. v. Meyer*, 884 N.E.2d 1056, 1061 (Ohio 2008)).  This is true whether the contract is construed as one for the provision of services or one for the sale of goods.  *See, e.g., Nilavar v. Osborn*, 711 N.E. 726, 734 (Ohio Ct. App. 1998) ("In a contract that is not for goods, the essential terms are, generally, the parties to the contract and its subject matter."), and *Oglebay Norton Co. v. Armco, Inc.*, 556 N.E.2d 515, 519-20 (Ohio 1990) (noting Ohio courts have the authority to establish a "reasonable price" where the parties have left the price term open).  The terms of the agreement also "'provide a basis for determining the existence of a breach and for giving an appropriate remedy.'"  *Mantia*, 900 N.E.2d at 643 (citations omitted).

Moreover, Hearthside's assertion that the second paragraph of the Letter of Understanding is illusory runs counter to Ohio law.  In construing a contract, Ohio courts "should give effect, if possible, to every provision therein contained, and if one construction of a doubtful condition written in a contract would make that condition meaningless, and it is possible to give it another construction that would give it meaning and purpose, then the latter construction must obtain."

5

*Metcalfe v. Akron*, 2006-Ohio-4470, 2006 WL 2483875, at *6 (Ohio Ct. App. August 30, 2006) (quoting *Farmers Nat'l Bank v. Delaware Ins. Co.*, 94 N.E. 834, 835 (Ohio 1911)). The parties offer competing constructions of the second paragraph. Hearthside's construction would limit the provision's use of the word "discuss" to its dictionary definition, while AGF's construction would imply into the text the requirement that the parties agree on a course of conduct. Ohio law permits AGF's construction and therefore I conclude AGF states plausible claims for relief in its declaratory judgment and breach of contract claims.

## V. CONCLUSION

For the reasons stated above, O'Donnell's motion for leave to amend his counterclaims is denied, and AGF's motion is granted. AGF shall amend its proposed filing to remove the claims for breach of a contract of bailment, conversion, and replevin, before filing its amended counterclaims. The parties shall file a joint status report on or before June 17, 2015, describing their position on what additional discovery, if any, is left to be conducted, as well as approximate dates for filing any dispositive motions and for trial.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge